UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at LEXINGTON)

| | |
|---|---|
| STEVEN IVEY,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE PERRY, ET AL.,<br><br>    Defendants. | Civil Action No. 5: 22-CV-217-CHB<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Steven Ivey is a resident of North Dakota. Proceeding without a lawyer, Ivey recently filed a complaint with this Court in which he named "LI-Net" as a Defendant and alleged that it improperly refused to reimburse him for money that he spent on prescription drugs. *See Ivey v. LI-Net*, No. 5:22-cv-00163-KKC, at R. 1 (E.D. Ky. 2022). Ivey also filed a corresponding motion for leave to proceed *in forma pauperis*. *See id.* at R. 5.

This Court granted Ivey's fee motion and conducted an initial screening of his pleading pursuant to 28 U.S.C. § 1915(e)(2). *See id.* at R. 6. That said, the Court dismissed Ivey's complaint without prejudice for multiple reasons. First, the Court explained that LI-Net is not a person, company, or government agency capable of being sued; instead, it is merely the name of a federal government program operated by the Centers for Medicare and Medicaid Services. *Id.* at 1. Second, the Court pointed out that Ivey's complaint failed to adequately plead a claim for relief, as required by Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 2. That is because Ivey did not identify a statute, regulation, or legal rule which established that he may challenge the decision at issue in federal court. *Id.* That said, the Court dismissed Ivey's complaint without prejudice, and

it explained to Ivey that he could file a new case if he could "identify a viable legal basis to challenge the denial of his requests for reimbursement and identify the proper defendant against whom to direct his claim." *Id.* at 2–3.

Ivey has now filed a new Complaint with this Court in which he appears to name two Defendants: "LI-Net" and an individual named "Stephanie Perry." [R. 1]. Ivey has also filed another motion for leave to proceed *in forma pauperis.* [R. 3].

As an initial matter, the Court has reviewed Ivey's latest fee motion and will grant his request for pauper status. That is because Ivey's filing indicates that he lacks sufficient assets and income to pay the filing and administrative fees in this case.

That said, the Court has conducted an initial screening of Ivey's latest pleading pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss his complaint once more. For the reasons previously stated, LI-Net is not a viable entity capable of being sued. And while Ivey also lists an individual named "Stephanie Perry" as a defendant, he has not asserted any substantive factual allegations against this person (other than briefly suggesting she simply sent him form letters in response to his requests), and he certainly has not stated a claim upon which relief may be granted against this person.[1]

Accordingly, it is **ORDERED** as follows:

1. Ivey's motion for leave to proceed *in forma pauperis* [R. 3] is **GRANTED**, and payment of the filing and administrative fees is **WAIVED**.

---

[1] At one point, Ivey does say, "Since all indications are that the processing is being handled by females then there can be cited discrimination, for filing a claim for reimbursement." [R. 1 at 3]. However, this confusing allegation does not state a viable legal claim.

2. Ivey's latest Complaint [R. 1] is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it, once again, fails to state a claim upon which relief may be granted against a viable defendant.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 25th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY